Matter of HSBC Bank USA v West Park Fund LLC (2026 NY Slip Op 01307)

Matter of HSBC Bank USA v West Park Fund LLC

2026 NY Slip Op 01307

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Index No. 158633/22, 158637/22|Appeal No. 6057-6058|Case No. 2025-04989, 2025-04991|

[*1]In the Matter of HSBC Bank USA, etc., Petitioner-Respondent, Nomura Credit & Capital, Inc., Intervenor-Respondent,
vWest Park Fund LLC, Respondent-Appellant.

Patterson Belknap Webb & Tyler LLP, New York (David S. Kleban of counsel), for appellant.
Mayer Brown LLP, New York (Jarman D. Russel of counsel), for HSBC Bank USA National Association, respondent.
A&O Shearman, New York (Daniel Kahn of counsel), for Nomura Credit & Capital, Inc., respondent.

Orders, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about July 17, 2025, which denied respondent West Park Fund LLC's motions for summary judgment and granted the relief requested in the amended petitions, unanimously affirmed, with costs.
In 2013 petitioner HSBC, the trustee for the Nomura Home Equity Loan, Inc., Home Equity Loan Trust, Series 2006-FM2 (NHELI 2006-FM2) and the Nomura Home Equity Loan, Inc., Home Equity Loan Trust, Series 2007-3 (NHELI 2007-3), brought two lawsuits (one per trust) against intervenor Nomura Credit & Capital, Inc. (the trusts' sponsor) "at the direction of certain Certificateholders." Nomura offered to settle the actions, and HSBC notified the certificateholders of the proposed settlements and asked them to vote on whether to accept. After a majority of the certificateholders voted to accept the offers, HSBC filed the original petition in each of these proceedings. West Park filed an answer to the original proceeding objecting to the settlements. HSBC then moved for summary judgment on its original petitions and the motion court denied the motions.
Subsequently, Nomura significantly increased its settlement payment offer from $30,700,000 to $43,700,000 for the NHELI 2007-3 Trust and from $51,700,000 to $70,500,000 for the NHELI 2006-FM2 Trust (the amended settlements). HSBC had its Local Default and Discretionary Committee (LDDC) meet and the latter voted in favor of seeking court approval for the amended settlements. Certificateholders were notified about the amended settlements, and the only objection was West Park's continuing objection. HSBC then filed the amended petitions requesting that the motion court, among other things, instruct petitioner trustee to accept the amended settlements were properly granted.
There is no evidence that petitioner "acted in bad faith such that [its] conduct constituted an abuse of discretion" (Matter of Bank of N.Y. Mellon, 127 AD3d 120, 125 [1st Dept 2015]). After receiving the amended settlement proposals from Nomura, petitioner convened a meeting of its LDDC, which considered various documents, including the supplemental reports of a nonparty expert. In those reports (one for each trust) the expert concluded, "my analysis of similar settlements is consistent with the Amended Proposed Settlement being reasonable and adequate." West Park discusses various analyses that the expert could have performed but did not. However, "[c]ourt approval of the settlement does not require that the court agree with [the expert]'s judgment or assessment; all that is required is a determination that it was reasonable for the trustee to rely on [such] expert judgment" (Bank of N.Y. Mellon, 127 AD3d at 126). Here, West Park has not shown that reliance on the expert's report was unreasonable, or that the Court abused its discretion in instructing the petitioner to accept the settlement.
We have considered West Park's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026